IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Mongeon,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-14-08024-JAT-JZB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES SENIOR DISTRICT JUDGE:

    Petitioner Thomas Mongeon, who is confined in an Arizona State Prison, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION**

    The Court recommends this Petition for Writ of Habeas Corpus be dismissed for the following reasons: (1) both Grounds alleged in the Petition are unexhausted and procedurally defaulted because Petitioner never filed a *pro se* Petition for Post-Conviction Relief ("PCR"), even though he was given two time extensions; (2) there is no applicable exception to the procedural default of Petitioner's claims, because PCR counsel followed procedural rules, met filing deadlines, and did not cause Petitioner's procedural default, and because Petitioner has presented no evidence of actual innocence; and (3) Ground One is not cognizable on habeas review because Petitioner waived his right to challenge pre-plea constitutional violations by pleading guilty, though Ground

Two would be cognizable if not procedurally defaulted.

## II. BACKGROUND
### A. INDICTMENT, GUILTY PLEA, AND MOTION TO WITHDRAW FROM PLEA AGREEMENT

On April 5, 2012, the State of Arizona charged Petitioner by indictment with two drug-related felonies: Possession of Dangerous Drugs for Sale (Count One), and Possession of Drug Paraphernalia (Count Two). (Doc. 12-1, Exh. A.) On August 30, 2012, Petitioner and the State entered into a written agreement whereby Petitioner agreed to plead guilty to Count One, with a stipulated five-year prison sentence to run consecutively to a one-year sentence the Petitioner was serving for a probation violation. (Doc. 12-1, Exhs. B, C, D.) In exchange, the State agreed to dismiss Count Two. (Doc. 12-1, Exhs. B, D.) The court accepted Petitioner's plea and set a sentencing date of September 28, 2012. (*Id.*)

After the change of plea hearing, Petitioner made a motion to withdraw his guilty plea. (Doc. 12-1, Exh. G.) Petitioner wrote that he "did not understand what he was signing" and "was told [his] sentences would run at the same time instead of back to back." (Doc. 12-1, Exhs. E, F, G.) At the sentencing hearing, the court denied Petitioner's motion to withdraw his guilty plea because it believed he "knew the terms of the plea agreement he entered into." (Doc. 12-1, Exh. K.)

At the change of plea hearing, Petitioner indicated he understood the terms of the plea agreement. The court explained to Petitioner the terms of the agreement:

> [I]f you enter into this agreement and I accept it, I really won't have any discretion to speak of in this case. I would have to sentence you to the absolute minimum prison sentence available, which is five years in prison. I would order that to run consecutive[ly] to the – I think it was a one-year prison sentence – in your 2009 case . . . . And you would have to serve every day of this five-year prison sentence."

(Doc. 12-1, Exh. D.) Petitioner told the court he was "thinking clearly, under[stood] English, . . . understood the terms of the agreement . . . [and] was happy with the services of his attorney . . . ." (Doc. 12-1, Exh. K.) Petitioner was also given multiple opportunities to ask questions but did not do so. (*Id.*) Finally, the defense attorney stated

- 2 -

at the sentencing hearing that he had explained to Petitioner that the sentences would be consecutive. (*Id.*) Therefore, the court sentenced Petitioner to the agreed-upon five years, to be served consecutively to the one-year probation violation sentence he was serving at the time. (*Id.*)

### B.   NOTICE OF POST-CONVICTION RELIEF

On October 3, 2012, Petitioner filed a notice of PCR pursuant to Ariz. Rule Crim. Pro. 32. (Doc. 12-1, Exh. L.) Petitioner requested the court appoint PCR counsel, and also requested that appointed counsel raise the issue of whether Petitioner should have been allowed to withdraw from his guilty plea. (*Id.*) The court appointed counsel, (Doc. 12-2, Exh. M) who filed her notice of appearance on October 18, 2012. (Doc. 12-2, Exh. N.) The court subsequently extended Petitioner's time to file a PCR petition until February 19, 2013. (Doc. 12-2, Exh. P.) On February 19, within the filing deadline, Petitioner's counsel submitted a notice of completion, stating that she was "unable to find a meritorious issue of law or fact" to raise as a basis for relief in the PCR proceedings. (Doc. 12-2, Exh. Q.) Counsel specifically investigated potential claims regarding (1) the denial of Petitioner's motion to withdraw his guilty plea, and (2) ineffectiveness of trial counsel for failing to explain that Petitioner's sentences would run consecutively. (*Id.*) Though counsel determined that there were no grounds for relief in a PCR proceeding, she informed Petitioner that he could file a *pro se* petition. (*Id.*) The court gave Petitioner an additional 45 days to file a *pro se* petition. (Doc. 12-2, Exh. R.) On May 13 2013, the court granted Petitioner an additional 45 days because the previous order was never delivered. (Doc. 12-2, Exh. S.) Petitioner never filed a *pro se* petition, and so the court summarily dismissed Petitioner's notice on September 30, 2013:

> The court notes that the defendant was given an extension of time to file a *pro se* Petition for Post-Conviction Relief on July 16,[1] 2013. The time

---

[1] While the order summarily dismissing Petitioner's notice of PCR indicates the state court granted Petitioner an extension of time to file a PCR petition on July 16, 2013, the record before this Court indicates the state court issued its most recent order extending Petitioner's time to file on May 13, 2013. (Doc. 12-2, Exh. S.) A July 16 extension would not affect the outcome of this Petition, as Petitioner's notice was dismissed more than 45 days after the July 16, 2013 date.

in which to file his petition has since expired and the Court finds there are no colorable claims.

(Doc. 12-2, Exh. V.) Thereafter, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus. (Doc. 1.)

## C.  FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On February 21, 2014, Petitioner filed this Petition. (Doc. 1.) Petitioner raises two grounds for relief. In Ground One, Petitioner alleges that the State "used hearsay evidence from a peace officer to convict [him] without allowing him to have access to private counsel before questioning." (Doc. 1 at 6.) He also argues there was not enough evidence to convict him: "[The] police report claims defendant [had methamphetamine] on a scale, with [a] small baggie for packaging . . . . [This does not] indicate that there [was reasonable] intent to sell." (*Id.*) In Ground Two, Petitioner alleges ineffective assistance of counsel for "[failing] to [comply] with rules of . . . appellate [procedure]," resulting in an untimely appeal. (Doc. 1 at 7.)

On September 10, 2014, the State filed a Limited Answer to the Petition. (Doc. 12.) The State asserts that (1) Petitioner waived his right to challenge Ground One when he pleaded guilty, and (2) both grounds are procedurally defaulted, without excuse. (*Id.*) Petitioner did not file a reply.

## D.  TIMELINESS

A prisoner in custody pursuant to a state court judgment has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review" to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitioner's notice of PCR was dismissed September 30, 2013, and this Petition was filed February 04, 2014, within one year of the date on which the judgment became final. The petition is timely.

## III.  EXHAUSTION AND PROCEDURAL DEFAULT

Both of Petitioner's claims are unexhausted and procedurally defaulted because he did not file a *pro se* petition for PCR, and Ground One is additionally unexhausted and

- 4 -

procedurally defaulted because Petitioner pleaded guilty. There are no applicable exceptions to the exhaustion and procedural default rules, and so Petitioner does not qualify for a writ of habeas corpus.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). Generally, this means the petitioner must fairly present his claims in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("to provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"). In other words, a petitioner must raise, in the state courts, the exact federal claim he raises in the habeas petition, by describing the operative facts and federal legal theory upon which the claim is based. *See Picard v. Connor*, 404 U.S. 270, 278 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court."). Furthermore, he must raise that claim in *each* appropriate state court. Exhaustion is typically satisfied if the petitioner presents the federal claim "throughout the entire direct appellate process of the state, or throughout one entire judicial post-conviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed.1998)).

A claim is "technically exhausted" when there are no state remedies available, regardless of the reason. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Thus, if a petitioner fails to comply with a state procedural rule, such as a filing deadline, his claim

could be considered exhausted because the state court would be procedurally barred from considering the claim. *See Woodford* at 92. The same is true when state procedural rules, such as waiver or preclusion, would bar consideration of previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court." *Woodford*, 548 U.S. at 193. Principles of comity require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman v. Thompson*, 501 U.S. 722, 731-32. Therefore, this Court is typically not permitted to grant habeas when a petitioner has procedurally defaulted his federal claims, because the petitioner has "deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 729-32.

### A. CLAIMS ARE UNEXHAUSTED AND PROCEDURALLY DEFAULTED

Grounds One and Two are unexhausted and procedurally defaulted because Petitioner did not file a timely petition for PCR, and because the time to do so has lapsed. Ground One is also procedurally defaulted because Petitioner pleaded guilty and therefore did not raise the pre-trial constitutional violations at trial, and Rule 32.2(a), Arizona Rules of Criminal Procedure, precludes him from raising previously-waived claims in PCR proceedings.

In Arizona, a petitioner typically exhausts a claim by bringing it to the Arizona Court of Appeals in a procedurally appropriate manner. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) ("[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."); *Baldwin*, 541 U.S. at 29 ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"). This is because the Court of Appeals is the final of-right appellate court available for noncapital criminal cases that do not carry a life sentence. *State v. Shattuck*, 684 P.2d 154 (Ariz. 1984); *see also* Ariz. Rev. Stat. Ann. § 12-2101 (2015) (of-right appeals); § 12-120.24 (appeals to the Arizona Supreme

Court). A defendant who pleads guilty in a noncapital case may not directly appeal his case to the Arizona Supreme Court or Court of Appeals, however. Ariz. R. Crim. P. 17.1(e). The defendant must seek review, if any, pursuant to a Rule 32 petition for PCR. *Id.*

In Arizona, a defendant who pleads guilty has 90 days to file a notice of PCR. Ariz. R. Crim. P. 32.4. After the court appoints counsel, counsel has 60 days to file a petition. *Id.* If counsel determines there are no colorable claims, counsel must notify the court. *Id.* At that point, the court is required to grant the petitioner 45 extra days to file a *pro se* petition. *Id.* Once the trial court has made a final decision on a petition for PCR, it may then be appealed. Ariz. R. Crim. P. 32.9(c). Assuming the federal claim has been fairly presented to each appropriate court along the way, it is exhausted when the appellate court makes its final ruling. *See State v. Sandon*, 777 P.2d 220 (Ariz. 1989) (explaining that prisoners denied post-conviction relief had exhausted their state remedies, as required for federal habeas corpus relief, when the Court of Appeals denied their petitions for review).

Here, Petitioner's claims are both unexhausted and procedurally defaulted because he never filed a *pro se* petition for PCR and because the time to file a petition for PCR has expired. The Mohave County Superior Court sentenced Petitioner on September 28, 2012. (Doc. 12-1, Exh. K.) Petitioner filed a notice of PCR five days later. (Doc. 12-1, Exh. L.) After a time extension, Petitioner's counsel notified the court there were no colorable claims for relief on February 19, 2013. (Doc. 12-2, Exhs. P, Q.) The court gave Petitioner the required 45 days to file a *pro se* petition, but mailing issues prevented the first order from being delivered. (Doc. 12-2, Exhs. R, S.) On May 13, 2013, the court granted Petitioner until June 30 to file his petition for PCR, but he ultimately did not file, and his notice of PCR was dismissed on September 30, 2013. (Doc. 12-2, Exhs. S, V.)

Because Petitioner never filed his petition for PCR, he never raised Grounds One or Two in state court, and neither claim was exhausted. *See Roettgen v. Copeland*, 33 F.3d 36 (affirming dismissal of federal habeas petition on exhaustion grounds where

petitioner who pleaded guilty did not pursue the appropriate Rule 32 relief). At this point, the deadline to file a petition for PCR has long since passed, and the state courts would be procedurally barred from considering his claims. They are procedurally defaulted. Moreover, even if Petitioner had not procedurally defaulted his claims by failing to file a timely PCR petition, he chose to plead guilty rather than raise Ground One at trial. Petitioner would be procedurally barred from raising that claim in a PCR proceeding. Ariz. R. Crim. P. 32.2(a) ("A defendant shall be precluded from relief under [Rule 32] based upon any ground . . . that has been waived at trial, on appeal, or in any previous collateral proceeding."); *see also State v. Moreno*, 655 P.2d 23, 24 (Ariz. Ct. App. 1982), *abrogated on other grounds by State ex rel. Dean v. Dolny*, 778 P.2d 1193 (Ariz. 1989). Therefore, because Petitioner did not raise either Ground in the appropriate state courts, and because he would be procedurally barred from doing so now, his claims are both unexhausted and procedurally defaulted, and this Court recommends that he be denied a Writ of Habeas Corpus absent some applicable exception to the exhaustion and procedural default rules.

## B.  NO APPLICABLE EXCEPTIONS

Petitioner does not qualify for any exceptions to the exhaustion and procedural default rules. First, he cannot show cause for his procedural default or prejudice resulting from ineffective assistance of counsel, because counsel followed the established procedural rules for PCR proceedings, and because Petitioner never exercised his right to file a *pro se* PCR petition. It was his failure to timely file that resulted in his notice of PCR being dismissed. Second, Petitioner cannot show that a fundamental miscarriage of justice would occur if his procedurally defaulted claims were not considered on the merits. He has not alleged evidence of actual innocence, and even if he had, the fact that he admitted to the police he had been selling drugs and the fact that he pleaded guilty to the charges against him would weigh heavily against a finding of actual innocence.

### 1.  CAUSE AND PREJUDICE

Generally, a federal court will not review the merits of a procedurally defaulted

1   claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the
2   claim in state court and "prejudice" from the alleged constitutional violation, or shows
3   that a "fundamental miscarriage of justice" would result if the claim were not heard on
4   the merits.  *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501
5   U.S. at 732).  *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the
6   cause and prejudice standard applies to *pro se* petitioners as well as to those represented
7   by counsel).

8        A petitioner typically demonstrates cause for his failure to properly exhaust a
9   claim by "show[ing] that some objective factor external to the defense impeded counsel's
10  efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting
11  *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). While "an attorney's errors during an
12  appeal on direct review may provide cause to excuse a procedural default," *Martinez v.*
13  *Ryan*, 132 S. Ct. 1309, 1317 (2012), the question is "whether counsel's conduct so
14  undermined the proper functioning of the adversarial process that [the process] cannot be
15  relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686
16  (1984); *see also Murray*, 477 U.S. at 488 ("So long as a defendant is represented by
17  counsel whose performance is not constitutionally ineffective under the standard
18  established in *Strickland* . . . , we discern no inequity in requiring him to bear the risk of
19  attorney error that results in a procedural default."). The standard for determining
20  whether counsel's assistance was constitutionally ineffective is one of reasonableness
21  considering all of the circumstances. *Strickland*, 466 U.S. at 688-89. Counsel is also
22  afforded a presumption his or her conduct "falls within the wide range of reasonable
23  professional assistance . . . ." *Id.*

24       Even if a petitioner demonstrates cause for his procedural default, he must prove
25  prejudice. In other words, "the [petitioner] must show that there is a reasonable
26  probability that, but for counsel's unprofessional errors, the result of the proceeding
27  would have been different. A reasonable probability is a probability sufficient to
28  undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also United*

- 9 -

*States v. Morrison*, 449 U.S. 361, 364-66. However, where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

Petitioner's procedural defaults cannot be attributed to constitutionally ineffective counsel. Petitioner alleges that his attorney "fail[ed] to comply with the rules of appellate procedure, causing [the] appeal to be untimely." Counsel did not fail to file with the Court of Appeals, because of-right appeals of guilty pleas to the Arizona Court of Appeals are precluded by Rule 17.1(e) of the Arizona Rules of Criminal Procedure. Instead, PCR counsel obeyed the Rule 32.4(c) requirement that she "investigate the defendant's case for any and all colorable claims." Ariz. R. Crim. P. 32.4(c); (Doc. 12-2, Exh. Q.) She also specifically investigated the issues that Petitioner had raised in his notice of PCR. (Doc. 12-2, Exh. Q.) After doing so, she submitted her notice of completion to the court within the allotted time, determining there were no colorable claims for relief, and requested an extension of time so that Petitioner could file a *pro se* petition for PCR. *Id.* She also advised Petitioner of his right to do so. *Id.* It was Petitioner himself who did not comply with the time limit for filing a *pro se* petition, even after being granted two 45-day time extensions. Petitioner's *pro se* status and ignorance of the law do not satisfy the cause standard. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (affirming that "lack of knowledge" and "limited access to materials were insufficient to establish good cause").

Even if Petitioner had filed a timely petition for PCR, his Ground One claims would be procedurally defaulted because he pleaded guilty. While Petitioner does raise ineffective assistance of counsel for failing to file on time, he does not allege in his habeas petition ineffective assistance in relation to his guilty plea in the Superior Court. Petitioner's Ground One claim would be procedurally defaulted even if his PCR petition had been on time, because Rule 32.2(a) provides that "[a] defendant shall be precluded

from relief [in a PCR proceeding] based upon any ground . . . that has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a); *see also Moreno*, 655 P.2d at 24. Therefore, because PCR counsel carried out her responsibilities pursuant to Rule 32.4, and because Petitioner does not state a cause for the procedural default caused by pleading guilty, Petitioner has not shown sufficient cause for his procedural default of either Ground.

## 2. FUNDAMENTAL MISCARRIAGE OF JUSTICE

Finally, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule," a petitioner must show by clear and convincing evidence "that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1027 (quoting *Murray*, 477 U.S. at 496); 28 U.S.C. § 2254(e)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "This is a high threshold that is rarely met." *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011). "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. However, "the habeas court's analysis is not limited to such evidence," but rather "the habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House v. Bell*, 547 U.S. 518, 537-38 (2006) (quoting *Schlup*, 513 U.S. at 327-28).

The Court finds that refusing to consider the Petitioner's procedurally defaulted claims would not result in a fundamental miscarriage of justice. Petitioner has not introduced new evidence of his innocence. *See Gillie v. Yates*, 417 F.Supp.2d 1134, 1140 n.8 (C.D. Cal. 2006) ("Petitioner's unsupported and conclusory claim of actual innocence

do[es] not warrant equitable tolling." (internal quotation marks omitted)) (quoting *Elam v. Caroll*, 386 F.Supp.2d 594, 599 (D. Del. 2005)). Furthermore, Petitioner admitted to a police officer that he had been selling drugs. (Doc. 12-1, Exh. I.) He also pleaded guilty to the drug charges against him, and does not challenge in this Petition the voluntariness of that plea. (Doc. 12-1, Exhs. B, C, D); *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012) ("Solemn declarations in open court carry a strong presumption of verity." (internal quotation marks omitted)) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). In light of these facts, there is an insufficient evidentiary basis for a claim of actual innocence. There is therefore no applicable exception available for Petitioner's unexhausted and procedurally defaulted claims, and the Court recommends that these claims be denied.

**IV.    NON-COGNIZABLE CLAIMS**

Alternatively, Petitioner's unexhausted Ground One claims that the State "used hearsay evidence from a peace officer . . . without allowing him to have access to private counsel before questioning," and that there was insufficient evidence to convict him, fail because they are not cognizable on habeas review.

As a general rule, a guilty plea eliminates subsequent claims of constitutional violations that occurred before the plea. *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1985). "[O]ne who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985). An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea." *Id.*

Petitioner's Ground One claims are not cognizable on habeas review because they deal with alleged constitutional violations that occurred before his guilty plea. While Petitioner alleged in state court that he had not understood that the sentence associated with his guilty plea would run consecutively to another sentence he was serving, he does not raise that issue in his habeas petition. Therefore, the alleged constitutional violations are cured by Petitioner's subsequent guilty plea. *See Tollett*, 411 U.S. at 267; *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea). The Court therefore recommends that Petitioner's Ground One claims be denied on this alternative basis as well.

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims are unexhausted and procedurally barred, and/or not cognizable on habeas review.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of June, 2015.

Honorable John Z. Boyle
United States Magistrate Judge